**RSI (INDIA) PVT., LTD., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**Pinkerton Foundry, Inc., et al., Defendant–Intervenors.**

**Court No. 87–01–00086.**

United States Court of International Trade.

Aug. 22, 1988.

Brownstein, Zeidman & Schomer, Irwin P. Altschuler, Denise T. DiPersio, David R. Amerine, and Ronald M. Wisla, and Kaplan, Russin & Vecchi, Dennis James, Jr. and Kathleen Patterson, Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, U.S. Dept. of Justice, Elizabeth C. Seastrum, U.S. Dept. of Commerce, Washington, D.C., Mark J. Sadoff, Plymouth, Mich., for defendant.

Collier, Shannon, Rill & Scott, Paul C. Rosenthal, Carol A. Mitchell and Robin H. Beeckman, Washington, D.C., for defendant-intervenors.

DiCARLO, Judge:

After reviewing a challenge to an administrative review of the International Trade Administration of the United States Department of Commerce (Commerce) in *Certain Iron–Metal Construction Castings From India; Final Results of Countervailing Duty Administrative Review,* 51 Fed.Reg. 45,788 (Dec. 22, 1986), the Court approved Commerce's methodology in constructing an interest rate benchmark for short-term packing credit loans made to exporters at preferential rates of interest, and affirmed Commerce's determination to countervail the entire amount of International Price Reimbursement Scheme (IPRS) payments made under a government subsidy program for pig iron. *RSI (India) Pvt., Ltd. v. United States,* 12 CIT ——, 687 F.Supp. 605 (1988), *rehearing denied,* 12 CIT ——, 688 F.Supp. 646 (1988). However, the Court also found Commerce to have overstated the net ad valorem benefit of IPRS payments to one exporter, RSI (India) Pvt. Ltd., by allocating RSI's IPRS payments for all castings over exports of only those castings under investigation, rather than allocating RSI's IPRS payments for all castings over exports of all castings. The Court remanded for Commerce to recalculate the net ad valorem benefit for RSI using the export value of all castings to all markets, and to recalculate the weighted average country wide rate in light of the changed benefit for RSI.

Discussion

Commerce has submitted its recalculations to the Court, and neither the domestic producers nor the Indian manufacturers have voiced any objection to the remand results. In the remand determination, Commerce divided the total IPRS benefit received by RSI for all castings by the total value of all castings exported to all markets. The new denominator is a verified figure. *See* Conf.R.Supp. Ex. B2. From recalculating RSI's net benefit from this program, Commerce now finds the weighted-average rate for the IPRS is 6.54 percent ad valorem and the new country-wide weight-average rate from all programs for both assessment and duty deposit purposes is 7.31 percent ad valorem.

Conclusion

Having reviewed the confidential record, the Court finds that Commerce's remand results conform to the instructions in *RSI (India) Pvt., Ltd. v. United States,* 12 CIT

——, 687 F.Supp. 605 (1988), *rehearing denied*, 12 CIT ——, 688 F.Supp. 646 (1988), are supported by substantial evidence on the record, and are according to law. The Court affirms Commerce's remand determination and dismisses this action.